Matthew S. Parmet (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone 310 928 1277

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SACHIN AMIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NES GLOBAL, LLC,<br><br>Defendant. | Case No. 8:21-cv-00567<br><br>**Plaintiff's Original Class Action Complaint for Damages**<br><br>1. **Failure to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Orders)**<br>2. **Failure to provide compensation for missed meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders)**<br>3. **Violations of record keeping requirements (CAL. LAB. CODE § 226)**<br>4. **Waiting time penalties (CAL. LAB. CODE § 203)**<br>5. **Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE §§ 17200,** *et seq.***)**<br>6. **Civil penalties under the Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698,** *et seq.***)** |

## SUMMARY

1. Plaintiff Sachin Amin worked for Defendant NES Global, LLC (NES Global) as an Instrument Designer.

2. Amin regularly worked for NES Global in excess of 40 hours each week.

3. Amin regularly worked for NES Global in excess of eight hours in a given day.

4. But Amin never received overtime for hours worked in excess of eight hours in a single workweek.

5. Amin brings this class action to recover the unpaid overtime wages and other damages owed to himself and other hourly workers like him.

6. Amin seeks recovery for his class claims under California Labor Code and related California wage and hour laws.

7. Amin seeks damages, penalties, attorney fees, costs, and all other remedies available under California law.

## JURISDICTION & VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the Parties and the amount in controversy exceeds $75,000.

9. This Court has subject matter jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

10. The Court has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events underlying this action occurred in this District and Division.

## THE PARTIES

12. Amin worked for NES Global as an Instrument Designer from approximately October 2017 through April 2018.

13. Amin's consent to be a party plaintiff is attached as Exhibit A.

14. Amin brings this action on behalf of himself and all other similarly situated hourly employees who worked for NES Global in California. Amin seeks class certification of a class under FED. R. CIV. P. 23 and the California Labor Code, defined as follows:

> **All hourly employees who worked for or on behalf of NES Global in California in the past four years** ("Putative Class Members").

15. NES Global is a limited liability company organized under the laws of Florida.

16. At all relevant times, one or more of NES Global's ultimate members were and are citizens of Texas.

17. At all relevant times, none of NES Global's ultimate members were or are citizens of California.

18. At all relevant times, NES Global does and did not maintain its headquarters or principal place of business in California.

19. NES Global conducts business in a systematic and continuous manner throughout California, including this District and Division.

20. NES Global's designated principal office in California is located within this District and Division.

21. NES Global may be served with process by serving its registered agent: **CT Corporation System, 818 West Seventh St., Ste. 930, Los Angeles, CA 90017**.

## FACTS

22. NES is a staffing company that provides recruitment services to the oil and gas industry, among others. (*See generally* https://www.NES.com/uoss (last visited March 1, 2021).)

23. Amin worked for NES Global as an Instrument Designer from approximately October 2017 through April 2018.

24. Amin performed work for NES Global in Long Beach, California.

25. NES Global paid Amin by the hour during the relevant time period.

26. Throughout his employment with NES Global, Amin was classified as a non-exempt hourly employee.

27. As an Instrument Designer, Amin regularly worked more than 40 hours each week and more than 8 hours each day.

28. However, NES Global did not pay Amin and the Putative Class Members time-and-a-half overtime for hours worked over eight in a workday.

29. Instead, NES Global only paid overtime when Amin and Putative Class Members worked more than 40 hours in a workweek.

30. Amin and Putative Class Members were not paid overtime on workweeks when they worked less than 40 hours, even if they worked more than eight hours on a given workday.

31. Amin was subjected to policies and procedures which dictated his day-to-day activities.

32. Amin was denied overtime as a result of NES Global's illegal pay practice.

33. NES Global keeps accurate records of the hours, or at least the days, its hourly employees work.

34. NES Global also keeps accurate records of the amount of pay its hourly employees receive.

35. As such, Amin and the Putative Class Members were not properly compensated as one-and-one-half times their regular rate—as defined by the California Labor Code—for all overtime worked in excess of 40 hours in a single workweek.

### CLASS ACTION ALLEGATIONS

36. Numerous hourly employees have been victimized by this pattern, practice, and policy, which are in willful violation of the California Labor Code.

37. Many of these employees have worked with Amin and the Putative Class Members and were not paid overtime for workdays when they worked greater than eight hours. Even if their precise job titles may differ, the Putative Class Members are all victims of NES Global's unlawful compensation practices and are similarly situated to Amin in terms of **relevant** job duties, pay provisions, and employment practices.

38. Thus, from Amin's observations and discussions with these hourlys workers, he is aware that the illegal practices or policies of NES Global have been imposed on a distinct group of its employees.

39. Regardless of whether they were classified as exempt or non-exempt, Amin and the Putative Class Members did not receive overtime pay for hours worked over eight in a workday when they worked less than 40 hours in a workweek.

40. The Putative Class Members regularly work or have worked in excess of 40 hours during a workweek.

41. Amin has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class treatment.

42. Like each Putative Class Member, Amin has an interest in obtaining the unpaid overtime wages owed under federal law.

43. A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

44. Absent a class action, many Putative Class Members will not obtain redress of their injuries, and NES Global will reap the unjust benefits of violating the California Labor Code.

45. Further, even if some of the Putative Class Members could afford individual litigation against NES Global, it would be unduly burdensome to the judicial system.

46. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

47. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

48. Among the common questions of law and fact are:
   a. Whether NES Global employed the Putative Class Members within the meaning of the California Labor Code;
   b. Whether NES Global's violations of the California Labor Code were made in good faith;
   c. Whether NES Global's violations of the California Labor Code were willful; and
   d. Whether NES Global's illegal pay practices applied to all Putative Class Members.

49. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

50. Amin and the Putative Class Members sustained damages arising out of NES Global's illegal and uniform pay policy.

51. Amin knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forAmin as a collective action.

52. NES Global's illegal pay policy uniformly deprived Amin and the Putative Class Members of the overtime wages they are owed under California law.

53. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the California Labor Code who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

54. The Putative Class Members are known to NES Global, are readily identifiable, and can be located through NES Global's records.

55. In sum, NES Global's failure to pay its hourly workers overtime for hours worked over eight in a workday results from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the Putative Class Members.

56. Thus, Amin's experiences are typical of the Putative Class Members' experiences.

**FIRST CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW**

57. Amin incorporates by reference all other allegations.

58. The California Labor Code requires that all employees, including Amin, receive 1.5 times their hourly rate as overtime premium compensation for hours worked over eight in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

59. Despite working over 8 hours a day as part of their normal and regular shift, Amin did not receive the full overtime compensation at a rate not less than one-and-one-half times their proper regular rates for all hours worked over eight in one day.

60. The California Labor Code also requires that all employees, including Amin, receive two times the overtime premium compensation for hours worked over 12 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Orders #1-2001 through #17-2001.

61. Although Amin occasionally worked over 12 hours in one day, they did not receive the "double time" compensation required by California law.

62. The California Labor Code requires that all employees, including Amin, receive two times the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551–52 (2017); IWC Wage Orders #1-2001 through #17-2001.

63. Although Amin regularly worked seven days a week, for at least 12 hours a day, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

64. This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Amin to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

## SECOND CAUSE OF ACTION—FAILURE TO PROVIDE COMPENSATION FOR MISSED MEAL AND REST PERIODS

65. Amin incorporates by reference all other allegations.

66. In accordance with the mandates of California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, Amin had the right to take two uninterrupted 30-minute meal periods for each day they worked 10 hours per day and a 10 minute rest period for every four hours worked per day. (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders #1-2001 through #17-2001.)

67. Although the California Labor Code requires that all employees, including Amin, receive two, 30-minute meal-period breaks when employed for 10 hours per day, Amin did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more. (CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.)

68. As a pattern and practice, NES Global did not provide Amin with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

69. Although the California Labor Code requires that all employees, including Plaintiff, receive a 10-minute rest period for every four hours worked, Amin and the Putative Class Members did not receive any rest periods during their shifts of 12 or more hours. (CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.)

70. As a pattern and practice, NES Global did not provide Amin with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

71. Amin is entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal- and rest-periods. (CAL. LAB. CODE § 512; IWC Wage Orders #1-2001 through #17-2001.)

72. NES Global's policy failed to provide Amin with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Amin in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

### THIRD CAUSE OF ACTION—VIOLATIONS OF RECORD KEEPING REQUIREMENTS

73. Amin incorporates by reference all other allegations.

74. California Labor Code section 226 requires NES Global to keep accurate records regarding the rates of pay for their California employees and provide that information to Amin with their wage payment.

75. Because NES Global failed to pay Amin lawful wages, it did not maintain accurate records of Amin and the Putative Class Members' daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Amin and the Putative Class Members with their wages.

76. This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Amin to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. (CAL. LAB. CODE § 226(e).)

### FOURTH CAUSE OF ACTION—WAITING TIME PENALTIES

77. Amin incorporates by reference all other allegations.

78. At all relevant times, NES Global was required to pay Amin all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

79. As a result of NES Global's alleged California Labor Code violations, NES Global regularly failed to pay Amin his final wages pursuant to California Labor Code sections 201 to 204, and accordingly NES Global owes waiting time penalties pursuant to California Labor Code section 203.

80. The conduct of NES Global, in violation of Amin's rights, was willful and was undertaken by the agents, employees, and managers of NES Global.

81. NES Global's willful failure to provide Amin the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

82. Therefore, Amin is entitled to compensation pursuant to California Labor Code section 203.

### FIFTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW

83. Amin incorporates by reference all other allegations.

84. NES Global has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required under federal law; (2) overtime wages required by California law; (3) meal- and rest-period break wages; (4) accurate wage statements; and (5) waiting time penalties.

85. As a result of NES Global's failure to comply with federal and state law, NES Global has also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

86. The relevant acts by NES Global occurred within the four years preceding the filing of this action.

87. On information and belief, NES Global has engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Amin and the Putative Class Members of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

88. Amin is entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

89. Amin is also entitled to permanent injunctive and declaratory relief prohibiting NES Global from engaging in the violations and other misconduct referred to above.

90. NES Global is also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

**SEVENTH CAUSE OF ACTION—CIVIL PENALTIES UNDER PAGA**

91. Amin incorporates all other allegations.

92. Amin and the Putative Class Members are aggrieved employees within the meaning of California Labor Code section 2699.

*93.* As aggrieved employees, Amin and the Putative Class Members seek to recover of civil penalties against NES Global pursuant to the Private Attorneys General Act of 2004 (PAGA), Cal. Lab. Code §§ 2698, *et seq.*

94. NES Global has knowingly and intentionally violated the California Labor Code and IWC Wage Orders, including by:

    a. Failing to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Orders #1-2001 through #17-2001);

    b. Failing to provide compensation for missed meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders #1-2001 through #17-2001);

    c. Violating record keeping requirements (CAL. LAB. CODE § 226);

    d. Unlawfully collecting, receiving, or withholding wages (CAL. LAB. CODE §§ 221, 225.5);

    e. Failing to pay wages promptly following termination of employment, or when due and payable (CAL. LAB. CODE § 203).

95. The civil penalties sought by Amin and the Putative Class Members include the recover of amounts specified in the respective sections of the California Labor Code, and if not specifically provided, those penalties under section 2699(f).

96. Amin and the Putative Class Members seek the full amounts sufficient to recover unpaid wages, other damages, and necessary expenditures or losses incurred by Amin and the Putative Class Members pursuant to California Labor Code sections 210, 225.5, 226.3, 226.8, 558(a), 1197(a), 2802, and 2699.

97. Amin and the Putative Class Members will allege any additional violations of the California Labor Code and IWC Wage Orders as may be disclosed in discovery and as a result of additional investigation that may be pursued in this action.

98. Amin provided notice to NES Global of its California Labor Code and IWC Wage Orders violations on February 25, 2021.

99. On the same date, Amin submitted notice to the California Labor and Workplace Development Agency (LWDA) as required by PAGA.

100. Amin's notice to NES Global and the LWDA advises each of them of his intent to prosecute a private enforcement action to assess and recover civil penalties under PAGA if the LWDA declines to investigate or prosecute the asserted California Labor Code and IWC Wage Orders violations.

101. If the LWDA declines to investigate or prosecute, Amin and the Putative Class Members will pursue their PAGA claims in the course of this action.

102. Amin and the Putative Class Members had to retain counsel to file this action to protect their interests and to assess and collect the civil penalties owed by NES Global.

103. Amin and the Putative Class Members have incurred attorneys' fees and costs in prosecuting this action to recover under PAGA.

## RELIEF SOUGHT

104. Amin prays for judgment against NES Global as follows:

    a. For an order certifying this case as a class action for the purposes of the California Labor Code claims;

    b. For an order finding NES Global liable for violations of California wage laws with respect to Amin and all Class Members covered by this case;

    c. For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Amin and all Class Members covered by this case;

    d. For a judgment awarding Amin and all Class Members covered by this case their costs of this action;

e. For a judgment awarding Amin and all Class Members covered by this case their attorneys' fees;

f. For a judgment awarding Amin and all Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

g. For all such other and further relief as may be necessary and appropriate.

Date: <u>March 29, 2021</u>

        Respectfully submitted,

        **PARMET PC**

        */s/ Matthew S. Parmet*
By: _____
        **Matthew S. Parmet**

        **Attorneys for Plaintiff**